KEITH H.S. PECK            6825

LEGALACTION ALC
116 Desert Lotus
Irvine, CA  92618
Telephone: (877) 570-7333
Facsimile: (877) 570-1233
E-mail: supervising@advocacy-project.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| W.G., individually and as guardian *ad litem* to, A.G., | Civ. No. _____ |
| R.S., individually and as guardian *ad litem* to, H.S., | **COMPLAINT** |
| D.T., individually and as guardian *ad litem* to, S.K., | |
| R.K., individually and as guardian *ad litem* to T.K., | |
| on behalf of themselves and all other similarly situated, | |
| Plaintiffs, | |
| vs. | |
| CHRISTINA KISHIMOTO, in her official capacity as Superintendent of the State of Hawaii, Department of Education, | |
| Defendants, | |

**COMPLAINT**

## INTRODUCTION

This complaint is meant to facilitate the resolution of what could otherwise be thousands of individual claims for compensatory education that may come at significant financial cost to the taxpayer and school-system in Hawaii. This claim is not meant to further burden Defendant but to lift the burden of defining an equitable remedy for the denial of Plaintiffs' and class members' rights. Plaintiffs' counsel will provide 100 hours of pro bono services to class members to effectuate the post-decision resolution of these issues.

The announced ad hoc approach Defendant anticipates using whenever that chance occurs for an individual determination of a student's needed compensatory remedy would not result in a data-driven, equitable remedy and would create contention between the school system and families. That approach would be taken many months in the future where evidence of regression and the recoupments that occurred in the interim would not be realistically measurable and Plaintiffs' recourse would be inhibited by lack of evidence. Plaintiffs recognize Defendant's difficult situation but wish to protect their interests and that of the class by establishing a violation of their rights and a set of parameters and procedures for determining the lost educational opportunity class members have and will sustain.

Clearly, Students have and will be subject to periods where there is a material failure in the implementation of their educational programs designed to provide them meaningful access and/or meet their educational needs as adequate as Defendant provided for the needs of non-disabled children. Even during times that test our commitment to the civil and statutory rights of a minority or a protected class, we must strive towards a fair and meaningful remedy for violations of those rights.

1.      Plaintiffs **R.S.**, **W.G.**, **D.T.**, and **R.K.** ("**Guardians**") bring this Complaint on behalf of themselves and on behalf of their wards **H.S.**, **A.G.**, **S.K.**, and **T.K.** ("**Students**" collectively "**Plaintiffs**") and on behalf of Hawaiʻi children and young adults ("**Declaratory Relief Class**" otherwise "**DRC**") and ("**Compensatory Education Sub-Class**" otherwise "**CESC**") eligible for protection under the Individuals with Disabilities Education Act (20 U.S.C. §1400 *et seq*.) ("**IDEA**") and/or Section 504 of the Rehabilitations Act of 1974 ("**Section 504**") through an Individualized Education Program ("**IEP**") and/or Modification Plan ("**MP**") and under the theory of a 'Class of One' claim.

2.      Defendant is required to implement Students' **IEPs** in order to meet its legal obligations to provide **Students** a free appropriate public education ("**FAPE**") but are failing to do so in violation of federal and state laws.

3.      Defendant's actions have caused and continue to cause harm to **Plaintiffs**

by materially failing to provide **FAPE** and by disparate impact caused by such action against **Plaintiffs**.

4.      **Students** have experienced a material failure of their educational and/or related services specified in their **IEPs** and/or **MPs**.

5.      **Students** have sustained lost educational opportunity where the **DOE** has materially failed to implement their **IEP's** and/or **MPs**.

6.      Defendant discriminate against **Students** based on their disability by depriving them of the services and supports deemed necessary for **FAPE** in their **IEPs** and/or **MPs** while providing students educational services to students who are ineligible for Section **504** and/or **IDEA** protections.

7.      Defendant continues to cause harm to **Plaintiffs** by its actions and inactions.

8.      As a result of Defendant's illegal and/or discriminatory policies, thousands of Students are being deprived of critical services in violation of their civil and statutory rights.

9.      **Plaintiffs** seeks declaratory relief which will allow **Plaintiffs** the right to pursue individual remedies for compensatory education in collateral actions against Defendant at the administrative level using collateral estoppel in order to efficiently seek relief for **Plaintiffs** and the numerous **DRC** members.

10.      **Plaintiffs** also seek an order directing Defendant to develop an equitable

means of remedying **Plaintiffs'** and **DRC** and/or **CESC** members lost educational opportunity by establishing criterion and procedures that involve, among other things, **Plaintiffs'**, **DRC** and **CESC Guardians**, data, standardization, categorization and formula to efficiently and fairly apply said determination.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this case under 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).

12.     Venue is proper in the District of Hawai`i pursuant to 28 U.S.C. §1391(b) because the events giving rise to **Plaintiff's** claims all occurred in this District.

## THE PARTIES

13.     **Plaintiffs** bring this action on behalf of themselves and in a representative capacity on behalf of Hawai`i children and young adults eligible between the ages of 3 and 22 (where there was a material failure to implement their **IEP** and/or **MP** at times during the spring of 2020, or where there was disparate educational impact caused by Defendant's policies), and on behalf of their parents and/or **Guardians**; **DRC**.

14.     **Plaintiffs** also bring this action on behalf of a sub-class of members of the **DRC** that have sustained lost educational opportunity and/or financial expense

and/or obligations due to the allegations made against Defendant; **CESC**.

15.     Defendant CHRISTINA KISHIMOTO is the current Superintendent of the State of Hawai`i, Department of Education ("**DOE**" otherwise "**Defendant**"). She is sued in her official capacity.

16.     **DOE** is the government agency responsible for administration of the public education system and Part B of the **IDEA** and **Section 504**, in Hawai`i.

17.     **Defendant** has acted and continues to act at all times relevant in their official capacity under color of state law.

## PLAINTIFF'S FACTUAL ALLEGATIONS

18.     **FAPE** is meant to provide eligible student's with access to a publicly funded education.

19.     Under the **IDEA**, **FAPE** has been described as a "basic floor of opportunity" and more recently an education reasonably calculated to enable them to "make progress appropriate in light of the child's circumstances,".

20.     Under the **IDEA**, **FAPE** is defined as an educational program that is individualized to a specific child, that meets that child's unique needs, provides access to the general curriculum, meets the grade-level standards established by the state, and from which the child receives educational benefit.

21.     **FAPE**, under the **IDEA**, must be provided in conformity with the **IEP** required under section 1414(d) of the **IDEA**.

22.    A student's **IEP** is designed to provide an eligible child with meaningful access to a public education.

23.    Under **Section 504**, **FAPE** consists of the provision of regular or special education and related aids and services designed to meet the student's individual educational needs as adequately as the needs of nondisabled students are met.

24.    A **MP** provides a student eligible under **Section 504** with the supports necessary to create a level of parity of access with non-disable students' access to their education.

25.    If a student is receiving extended school year ("**ESY**") services they have met additional eligibility standards, in addition to those necessary to be eligible under the **IDEA**.

26.    There was a material failure to implement spring 2020 **ESY** services and supports for **Students** who were eligible for these services.

27.    There was a material failure to implement schoolyear **IEP** services and/or supports for **Students** who are eligible for **IDEA** protections and have an **IEP**, since on or about March of 2020.

28.    There was a material failure to implement **MPs** services and/or supports for **Students** who are eligible for **Section 504** protections and have an **MP**, since about March of 2020.

29.    **DOE** is required to provide Hawai`i student eligible under the **IDEA** with

7

**FAPE**.

30.     **DOE** receives federal funds and is required to provide meaningful access to a public education by the provision of regular or special education and related aids and services designed to meet the student's individual educational needs as adequately as the needs of nondisabled students are met with disabilities, pursuant to **Section 504** of the Rehabilitation Act. 29 U.S.C. § 701 *et seq*.

31.     **DOE's** failure to implement eligible student's **IEP** while providing educational access to students who are not eligible under the **IDEA** and/or **Section 504** is discrimination based on their disability.

32.     **Defendant's** actions have failed and continue to fail to provide children and young adults with the mandated access the law requires.

33.     **Defendant's** failures to coordinate and ensure **FAPE** is being provided to eligible students is a systemic failure of the State, resulting in thousands of violations of civil rights day after day.

34.     A determination by this Court is needed so that **Plaintiffs** can seek individual determinations of the type and amount of compensatory education that is equitable.

35.     **Plaintiffs** bring this action to challenge the State's systemic policies that violate their rights and those of the **DRC**; no exhaustion of remedies is required.

**Plaintiffs**

36.      Student **H.S.** is an eligible student under the **IDEA** and/or **Section 504**. **R.S.** is the legal guardian of **H.S.**  The **DOE** has materially failed to implement **H.S.**'s **IEP** since on or about March of 2020. **H.S.** has experienced dramatic behavioral, academic and educationally related regression, areas of concern addressed in his IEP. **H.S.** was eligible for **ESY** services, but the **DOE** materially failed to implement those services. He sustained lost educational opportunity where the **DOE** has materially failed to implement their **IEP's** and/or **MPs**. He has been disparately impacted by the educational policies of Defendant.

37.      Student **A.G.** is an eligible student under the **IDEA** and/or **Section 504**. **W.G.** is the legal guardian of **A.G.**  The **DOE** has materially failed to implement **A.G.**'s **IEP** since on or about March of 2020. **A.G.** has experienced academic and educationally related regression, areas of concern addressed in his **IEP**. **A.G.** was eligible for **ESY** services, but the **DOE** materially failed to implement those services. He sustained lost educational opportunity where the **DOE** has materially failed to implement their **IEP's** and/or **MPs**. He has been disparately impacted by the educational policies of Defendant.

38.      Student **S.K.** is an eligible student under the **IDEA** and/or **Section 504**. **D.T.** is the legal guardian of **S.K.**  The **DOE** has materially failed to implement **S.K.**'s **IEP** since on or about March of 2020. **S.K.** has experienced academic, behavioral and educationally related regression, areas of concern addressed in

9

her **IEP**. **S.K.** was eligible for **ESY** services, but the **DOE** materially failed to implement those services. She sustained lost educational opportunity where the **DOE** has materially failed to implement their **IEP's** and/or **MPs**. She has been disparately impacted by the educational policies of Defendant.

39.     **Student T.K**. is eligible student under **Section 504**. **R.K.** is the legal **Guardian** of **T.K.** The **DOE** has materially failed to provide **T.K.** with his accommodations in his **MP** since on or about March of 2020. **T.K.** has experienced academic and educationally related regression, areas of concern addressed in his **MP**. **T.K.** has sustained lost educational opportunity. He has been disparately impacted by the educational policies of Defendant.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) SECTION 504**
**REHABILITATION ACT (29 U.S.C. § 701)**

40.     **Plaintiffs** incorporates each and every allegation above as though fully set forth herein.

41.     **Plaintiffs** are qualified individuals with a disability under **Section 504** of the Rehabilitation Act in that their disabilities are a physical or mental impairment that substantially limits one or more major life activities.

42.     **Defendant** receives federal financial assistance for the relevant programs.

43.     **Defendant** has violated the civil rights of these **Plaintiffs** secured by **Section 504** by failing implement their **IEPs** or **Section 504 MPs** while

10

providing educational services to students that are ineligible under the **IDEA** and/or **Section 504**.

44.    **Defendant** has violated the civil rights Plaintiffs eligible or with eligible wards under **Section 504** by utilizing criteria and methods of administration of educational services that subject them to discriminatory effect.

45.    **Defendant** has violated the civil rights of these constituents secured by **Section 504** by not affording them as adequately as afforded non-disabled students.

46.    **Defendant** has violated the civil rights **Students** secured by **Section 504** by not making reasonable accommodations, and denying meaningful access to a public benefit, where that benefit was provided to non-disabled Students.

47.    As the result of the **DOE** policies, **Students**' access to educational services has been impacted more significantly then their non-disabled peers.

48.    **Plaintiffs** are suffering ongoing harm by **Defendant** violations.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**IDEA (20 U.S.C. §1400)**

49.    **Plaintiffs** incorporate each and every allegation above as though fully set forth here.

50.    **DOE** has violated, and is continuing to violate, the **IDEA** by materially failing to implement **Student's IEPs**.

11

51.     As the result of the **DOE** policies, **Students**' access to educational services has been impacted more significantly then their non-disabled peers.

52.     Students' access to educational services are defined by their **IEPs**, which the **DOE** has materially failed to implement, while providing access to educational services for non-disabled students.

### COUNT III
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### 'CLASS OF ONE' CLAIM

53.     The **DOE** deprives **Plaintiffs** of equal protection under the color of state law in violation of 42 U.S.C. § 1983 by the disparate impact its actions have had on their access to educational services.

WHEREFORE, **PLAINTIFFS** pray that this Court:

A.      Certify the **Declaratory Relief Class** as a class action pursuant to Rule 23(b)(2) as defined above, and at such time as the Court deems proper, certify the **Compensatory Education Relief Sub-Class** as a class action pursuant to Rule 23(b)(3) as defined above;

B.      Enter declaratory judgement for **Plaintiffs** and the **Declaratory Relief Class** as set forth herein that:

i.      **DOE's** materially failure to implement Students' and **DRC's IEP** and/or **MP** under the **IDEA** and/or **Section 504** was a failure to meet Students' needs as adequately as the needs of

12

nondisabled students and discriminatory under **Section 504** and this violation entitles **Plaintiffs** and **DRC** to relief under 42 U.S.C. § 1983 for civil rights violations;

ii.   **DOE's** materially failure to implement Students' and **DRC's IEP** and/or **MP** under the **IDEA** and/or **Section 504** denied them a **FAPE** and violates the **IDEA** and/or **Section 504** and this violation entitles **Plaintiffs** and **DRC** to relief under 42 U.S.C. § 1983 for civil rights violations;

iii.   **DOE's** provision of alternative means to provide students educational benefits during school facility closures disparity impacted access to educational benefits to **Students** and **DRC** in violation to the Fourteenth Amendment's **Equal Protection** clause and this violation entitles **Plaintiffs'** and **DCR** to relief under 42 U.S.C. § 1983 for civil rights violations;

C.   Order **Defendant** to develop an equitable means of remedying **Plaintiffs'** and **DRC** members lost educational opportunity by establishing criterion and procedures that involve **Plaintiffs'** and **DRC** and **CESC Guardians**, data, standardization, categorization and formula to efficiently

13

and fairly apply said determination.

D.     If it is just and necessary, appoint a special master to

coordinate and monitor **Defendants'** compliance with any

settlement between the parties or Orders of this Court;

E.     Award **Plaintiffs** its reasonable attorneys' fees, costs, and

expenses under any applicable law; and

F.     Grant such other and further relief as this Court deems just

and proper.

DATED: Honolulu, Hawai`i, April 13, 2020.

/s/ Keith H.S. Peck
KEITH H.S. PECK

Attorney for Plaintiffs